IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LIANNE NORWOOD, JOSEPH ABATE, and STEPHEN FINK | )<br>)<br>) |
| Plaintiffs, | ) Case No. 3:19-cv-00225<br>)<br>) |
| v. | ) COMPLAINT<br>)<br>) |
| BAKU, LLC and BIRDIE YANG, | )<br>) |
| Defendants. | )<br>)<br>)<br>) |

Plaintiffs Lianne Norwood ("Norwood"), Joseph Abate ("Abate"), and Stephen Fink ("Fink") (together Plaintiffs"), by counsel, bring this action against Baku, LLC ("Baku") and Birdie Yang ("Yang") (together "Defendants"), and show as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq. for Defendants' failure to pay Plaintiffs earned minimum wages. Defendants operate a restaurant in Charlotte, North Carolina under the name "Baku." Plaintiffs are former tipped employees of Defendants who worked as servers and/or bartenders. Defendants paid Plaintiffs sub-minimum wages under the tip-credit provisions of the FLSA. Those provisions permit employers of tipped employees to pay wages less than minimum wage so long as employers comply with other requirements of the tip-credit provisions. Defendants disregarded those requirements and thus violated the federal minimum wage laws by: (a) failing to inform Plaintiffs of the provisions of the tip-credit subsection of the FLSA; (b) requiring Plaintiffs to participate in unlawful tip pooling whereby the tipped employees had to share their tips with

employees who do not customarily and regularly receive tips; and (c) requiring Plaintiffs to pay for missing inventory, breakage, and the lost sales of food that resulted from server error and customer walkouts.

## PARTIES

2.      Norwood is an individual who resides in Charlotte, North Carolina. She was employed by Defendants within the meaning of the FLSA during the three year period prior to the filing of this Complaint.

3.      Abate is an individual who resides in Charlotte, North Carolina. He was employed by Defendants within the meaning of the FLSA during the three year period prior to the filing of this Complaint.

4.      Fink is an individual who resides in Charlotte, North Carolina. He was employed by Defendants within the meaning of the FLSA during the three year period prior to the filing of this Complaint.

5.      Yang is an owner, member and/or officer of Baku. In this capacity, Yang is involved in the day-to-day business operations of Baku. Yang has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to require servers and other tipped employees to share tips with employees who do not customarily and regularly receive tips. At all relevant times, Yang acted and had responsibility to act on behalf of, and in the interests of Baku in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the tip-credit issues raised in this lawsuit. At all relevant times, Yang was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. Baku is a North Carolina limited liability company located in Charlotte, North Carolina. Baku acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. Baku is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

7. This Court has jurisdiction over Defendants because Plaintiffs bring claims arising under federal law.

## VENUE

8. Venue is appropriate in the Western District of North Carolina pursuant to 28 U.S.C. § 1391.

## COVERAGE

9. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTS

11. Within the last three years, Defendants have employed Plaintiffs as servers and/or bartenders at their Baku restaurant located at 4515 Sharon Road, Charlotte, North Carolina.

12. Plaintiffs were not exempt from the minimum wage provisions of the FLSA.

13. Plaintiffs worked as a tipped employees and were paid an hourly rate less than the full applicable federal minimum wage.

14. Defendants failed to inform Plaintiffs of the provisions of the tip credit subsection of the FLSA.

15. Defendants required Plaintiffs to share their tips with employees who do not customarily and regularly receive tips, including but not limited to sushi chefs and/or managers.

16. Defendants required Plaintiffs and other servers to pay, from their tips, for the loss of food sales incurred as a result of server error or walkouts. Specifically, if a server error resulted in a food item being prepared by the kitchen that a customer did not order, if a server dropped a menu item, or if a customer walked out without paying for a meal, Defendants required the sale price of that item to be paid from the cash tips that particular server has on hand at the time of the error. In the event that the server had no cash tips on hand at the time of the error, Defendants deducted the sale price of the item from the amount tipped to that employee through credit card sales.

17. Defendants required Plaintiffs and other servers to pay, from their tips, for breakage of glassware, dishes, and decanters. Specifically, if a server error resulted in breakage, Defendants required that item to be paid from the cash tips that particular server has on hand at the time of the breakage. In the event that the server had no cash tips on hand at the time of the error, Defendants deducted the sale price of the item from the amount tipped to that employee through credit card sales.

18. Defendants have enforced the walkout and breakage rules described above and deducted earned tip income from Plaintiffs and other tipped employees to reimburse Defendants for violations of these policies.

19. Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding the taking of tip credit against minimum wages was a willful violation of the FLSA.

## FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

20. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §206 by failing to comply with the minimum wage requirements of the FLSA regarding the utilization of a tip credit against minimum wages. Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs, in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiffs;

b. An Order awarding Plaintiffs the costs of this action;

c. An Order awarding Plaintiffs their attorneys' fees;

d. An Order awarding Plaintiffs pre- and post-judgment interest at the highest rates allowed by law;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA regarding the utilization of a tip credit against minimum wages; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


/s/ Jason S. Chestnut
Jason S. Chestnut NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582


GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:    (704) 612-0038

E-Mail:  jason@gibbonsleis.com
            phil@gibbonsleis.com
            craig@gibbonsleis.com